# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. |
| | ) | |
| | ) | VIOLATIONS: |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | (Bribery Conspiracy: Count 1) |
| | ) | |
| EDDIE PRESSLEY, | ) | 18 U.S.C. § 201 |
| (COUNTS 1-22) | ) | (Bribery: Count 2) |
| | ) | |
| and | ) | 18 U.S.C. §§ 1343 and 1346 |
| | ) | (Honest Services Wire Fraud: |
| EURICA PRESSLEY, also known as | ) | Counts 3-10) |
| "Eurica Gadson," | ) | |
| (COUNTS 1-22) | ) | 18 U.S.C. § 1956(h) |
| | ) | (Money Laundering Conspiracy: |
| Defendants. | ) | Count 11) |
| | ) | |
| | ) | 18 U.S.C. § 1957 |
| | ) | (Monetary Transactions in Criminal |
| _____ | ) | Proceeds: Counts 12-22) |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
### 18 U.S.C. § 371
### (Bribery Conspiracy)

1.     At all times material to this Indictment:

## Background

2.      Between approximately January 2004 and approximately November 2007, defendant TERRY HALL operated and had an interest in several companies, including Freedom Consulting and Catering Co. ("FCC"), and Total Government Allegiance ("TGA"), which had contracts with the U.S. Department of Defense and its components ("DoD") in Kuwait and elsewhere.

3.      Between approximately 2005 and approximately 2007, defendant TERRY HALL's companies received over $21 million from the DoD.  DoD paid money to HALL's companies in connection with contracts and blanket purchase agreements ("BPA's") for, among other things, bottled water and security fencing for the DoD in Kuwait and Iraq.  BPAs are contracts in which the DoD agrees to pay a contractor a specified price for supplies and may order quantities of such supplies.  Pursuant to a BPA, DoD orders supplies on an as-needed basis. The contractor is then obligated to deliver the supplies ordered at the agreed-upon price.  The term for such an order by the DoD is a "call."

4.      From approximately October 2004 to approximately October 2005, defendant EDDIE PRESSLEY was a Major in the U.S. Army deployed as a contracting specialist to Camp Arifjan in Kuwait.

5.      Defendant EURICA PRESSLEY was the wife of defendant EDDIE

2

PRESSLEY and lived in the Northern District of Alabama.  At the behest of EDDIE PRESSLEY, EURICA PRESSLEY arranged for an entity named EGP Business Solutions, Inc. ("EGP") to be incorporated and a bank account to be opened in the name of EGP Business Solutions, Inc., 139 Clubhouse Lane, Madison, AL 35757-6934, at AmSouth Bank, account no. *15600 (the "EGP account").  Additionally, EURICA PRESSLEY established bank accounts in her name in Dubai, United Arab Emirates ("UAE") at the National Bank of Ras Al-Khaimah, including account no. *51-100 (the "Pressley UAE account"), and in the Cayman Islands at the Bank of the Cayman Islands, including account nos. *15898 (the "Pressley Cayman Islands account I") and *15293 (the "Pressley Cayman Islands II account"), respectively.

6.      Between approximately October 2004 and approximately October 2005, while stationed in Kuwait, defendant EDDIE PRESSLEY arranged for a BPA to be awarded to defendant TERRY HALL's company, FCC, to deliver bottled water in Kuwait and Iraq.  Thereafter, EDDIE PRESSLEY arranged for calls to be issued under that BPA, as a result of which DoD paid FCC more than $9.3 million.  EDDIE PRESSLEY also arranged for the DoD to award a contract to FCC to construct a security fence at Camp Arifjan, for which the DoD paid FCC over $750,000.

7.     From approximately September 2005 to approximately August 2006, co-conspirator James Momon was a Major in the U.S. Army deployed as a contracting specialist to Camp Arifjan in Kuwait.

8.     Between approximately September 2005 and approximately August 2006, while stationed in Kuwait, co-conspirator James Momon arranged for calls to be issued to defendant TERRY HALL's company, TGA, under the bottled water BPA referenced in paragraph 6 above, as a result of which DoD paid TGA over $6.4 million.

9.     To facilitate his business and related criminal activities, defendant TERRY HALL arranged for defendants and others to set up and manage bank accounts on his behalf in Kuwait, the UAE, the Philippines, the Cayman Islands, the United States, and elsewhere.  These accounts were established, among other places, at the National Bank of Kuwait ("NBK"), the Bank of the Philippine Islands, the Cayman National Bank, the National Bank of Ras Al-Khaimah, the First National Bank of Texas ("FNBT"), the Bank of America ("BoA"), and AmSouth, which later merged with Regions Bank.

10.     The bank accounts referenced in the preceding paragraph included, but were not limited to, Bluebridge International General Trading, NBK account no. *20361 (the "Bluebridge Kuwait account"); Trimedpro Project Management

4

WLL, NBK account no. *30301 (the "Trimedpro Kuwait account"); BBI BR

Freedom Consulting, NBK account no. *80301 (the "Freedom Consulting Kuwait

account"); BBI BR U.S. Eagles Services, NBK account no. *10301 (the "US

Eagles Kuwait account") ; Freedom Consulting and Catering Co., BoA account no.

*80156 (the "FCC BoA account"); Richard Bruce doing business as Total

Government Allegiance, FNBT account no. *93377; and Total Government

Allegiance LLC, FNBT account no. *29767 (the "TGA U.S. Account").  At

HALL's direction, HALL's co-conspirators and others conducted financial

transactions, including wire transfers, in these accounts and, at times, provided

HALL with updates on the status of the accounts.

### The Conspiracy

11.    Between approximately January 2004 and approximately November

2007, within Kuwait, the UAE, the Cayman Islands, the Northern District of

Alabama, and elsewhere, defendants

### EDDIE PRESSLEY and EURICA PRESSLEY

unlawfully, willfully and knowingly did combine, conspire, confederate, and agree

together with each other and others known and unknown to the grand jury to

commit offenses against the United States, as follows:

(a)    to corruptly give, offer, and promise, directly and indirectly, a

5

thing of value to a public official and another person with intent to influence an

official act, in violation of Title 18, United States Code, Section 201(b)(1)(A); and

       (b)    to corruptly demand, seek, receive, accept, and agree to receive

and accept, directly and indirectly, a thing of value personally and for another

person and entity, in return for being influenced in the performance of an official

act, in violation of Title 18, United States Code, Section 201(b)(2)(A).

### Objects of the Conspiracy

12.    It was a part and object of the conspiracy for defendant TERRY

HALL to enrich himself through corrupt means, by giving, offering and promising

things of value to certain public officials and others with the intent to influence

official acts, including the award of contracts and BPAs and the issuance of calls

under BPAs.

13.    It was further a part and object of the conspiracy for defendant EDDIE

PRESSLEY, defendant EURICA PRESSLEY, and certain U.S. Army officials to

enrich themselves and others through corrupt means, by demanding, seeking,

receiving, and agreeing to receive and accept things of value from defendant

TERRY HALL and others in return for the officials being influenced in the

performance of official acts, including, but not limited to, the award of contracts

and BPAs and the issuance of calls under BPAs.

## Manner and Means of the Conspiracy

14.     Among the manner and means used by defendants TERRY HALL,

EDDIE PRESSLEY, EURICA PRESSLEY and others to achieve the unlawful

objects of the conspiracy were the following:

        a.     Defendant TERRY HALL and others would and did promise

certain U.S. Army officials, including defendant EDDIE PRESSLEY, co-

conspirator James Momon, and others, sums of money and other valuable items in

exchange for official acts, including the award of contracts and BPAs and the

issuance of calls under BPAs.

        b.     Certain U.S. Army officials, including defendant EDDIE

PRESSLEY, co-conspirator James Momon, and others, would and did take official

action to benefit defendant TERRY HALL, companies HALL operated and in

which HALL had an interest, and others, including arranging for the award of

contracts and BPAs and arranging for the issuance of calls for bottled water under

BPAs.

        c.     Defendant TERRY HALL, defendant EDDIE PRESSLEY, and

others would and did arrange for companies and bank accounts to be established in

Kuwait, the United Arab Emirates, the Cayman Islands, the Philippines, and the

United States in the names of third parties and entities for the purpose of

7

transferring the bribe monies in a manner that would obscure the fact that EDDIE PRESSLEY, co-conspirator James Momon and other Army officials were the intended beneficiaries of the payments.

   d. Defendant TERRY HALL and others would and did pay bribes to certain U.S. Army officials and others, including defendant EDDIE PRESSLEY, defendant EURICA PRESSLEY, and co-conspirator James Momon, in the form of cash and through wire transfers into bank accounts controlled by or established for the benefit of the U.S. Army officials and others.  EDDIE PRESSLEY and EURICA PRESSLEY received more than $2.8 million in money and other valuable items from HALL and others, and co-conspirator James Momon received at least $200,000 from HALL and others.

   e. Defendants TERRY HALL, EDDIE PRESSLEY, EURICA PRESSLEY, and others prepared and executed documents purporting to be consulting agreements, contracts, invoices and loan agreements for the purpose of creating the appearance that EURICA PRESSLEY and others had legitimately earned the payments from HALL, his companies and others.

   f. Defendant TERRY HALL would and did designate co-conspirators and others to set up and operate bank accounts on his behalf in Kuwait, the Philippines, the United States, and elsewhere in an effort to conceal his

interest in those bank accounts.

## Overt Acts

15.     In furtherance of the conspiracy and in order to accomplish its objects, defendants TERRY HALL, EDDIE PRESSLEY, and EURICA PRESSLEY, together with their co-conspirators, committed overt acts in the Northern District of Alabama and elsewhere, including, but not limited to, the following:

a.     On or about March 9, 2005, in Kuwait and elsewhere, defendant EDDIE PRESSLEY sent an email message to defendant EURICA PRESSLEY, stating in substance that she would be receiving some paperwork with her maiden name on it, that EURICA PRESSLEY should sign the paperwork and put it in the mail, and that he "can't have anyone paying me as I am in the military so I had them put everything in your maiden name."

b.     On or about April 7, 2005, in the Northern District of Alabama and elsewhere, defendant EURICA PRESSLEY caused the EGP account to be opened.

c.     On or about May 4, 2005, in Kuwait, defendant EDDIE PRESSLEY arranged a call for bottled water from FCC.  As a result of this call, DoD paid FCC approximately $3,535,075.25.

d.     In or about late May or early June 2005, in the UAE, defendant

9

TERRY HALL and defendant EURICA PRESSLEY caused two bank accounts to be opened, including the Pressley UAE account.

      e.     On or about June 6, 2005, defendant TERRY HALL caused approximately 733,900 UAE dirham (approximately $200,000) to be wired from an account at the Commercial Bank of Kuwait in the name of United International Holding, account no. unknown (the "UIH Kuwait account"), to the Pressley UAE account.

      f.     On or about June 27, 2005, defendant TERRY HALL caused approximately 733,900 UAE dirham (approximately $200,000) to be wired from the UIH Kuwait account to the Pressley UAE account.

      g.     On or about July 7, 2005, defendant TERRY HALL caused approximately 733,900 UAE dirham (approximately $200,000) to be wired from the UIH Kuwait account to the Pressley UAE account.

      h.     On or about July 13, 2005, defendant TERRY HALL caused approximately 733,900 UAE dirham (approximately $200,000) to be wired from the UIH Kuwait account to the Pressley UAE account.

      i.     In or about July 2005, in the Cayman Islands, defendant EURICA PRESSLEY opened the Pressley Cayman Island account I.

      j.     On or about July 31, 2005, in Kuwait, defendant EDDIE

PRESSLEY arranged a call for bottled water from FCC, causing DoD to pay FCC approximately $3,682,596.61.

      k.    On or about September 1, 2005, in Kuwait, defendant EDDIE PRESSLEY arranged a call for bottled water from FCC, causing DoD to pay FCC approximately $1,865,698.00.

      l.    On or about September 10, 2005, in Kuwait, defendant EDDIE PRESSLEY arranged a call for bottled water from FCC, causing DoD to pay FCC approximately $182,988.99.

      m.    On or about September 19, 2005, in the Northern District of Alabama and elsewhere, defendant TERRY HALL caused approximately $75,000 to be wired from the FCC BoA account into the EGP account.

      n.    On or about September 23, 2005, in Kuwait and elsewhere, defendant EDDIE PRESSLEY arranged a call for bottled water from FCC, causing DoD to pay FCC approximately $70,248.00.

      o.    On or about September 26, 2005, in the Northern District of Alabama, defendant TERRY HALL caused approximately $112,000 to be wired from the FCC BoA account into the EGP account.

      p.    On or about September 28, 2005, in the Northern District of Alabama, defendant TERRY HALL caused approximately $100,000 to be

transferred from the FCC BoA account into the EGP account.

      q.     On or about November 9, 2005, defendant TERRY HALL caused approximately $59,975 to be transferred from the Bluebridge Kuwait account to the Pressley Cayman Islands II account.

      r.     On or about November 9, 2005, defendant TERRY HALL caused approximately $99,969 to be transferred from the US Eagles Kuwait account to the Pressley Cayman Islands I account.

      s.     On or about January 3, 2006, in Kuwait, co-conspirator James Momon arranged a call for bottled water from FCC, causing DoD to pay TGA approximately $362,492.75.

      t.     On or about January 4, 2006, in the Northern District of Alabama, defendant TERRY HALL caused approximately $94,970 to be wired from the Trimedpro Kuwait account into the EGP account.

      u.     On or about January 27, 2006, in Kuwait, co-conspirator James Momon arranged a call for bottled water from TGA, causing DoD to pay TGA approximately $642,053.75.

      v.     On or about February 6, 2006, in Kuwait, co-conspirator James Momon arranged a call for bottled water from TGA, causing DoD to pay TGA approximately $1,293,626.28.

12

w.      On or about February 7, 2006, in the Philippines and elsewhere, defendant TERRY HALL caused two bank accounts to be established in the name of a co-conspirator ("CC-1") at the Bank of the Philippines Islands, in order to make bribe payments to co-conspirator James Momon and another U.S. Army official.

x.      On or about March 21, 2006, in the Northern District of Alabama, defendant TERRY HALL caused approximately $41,970 to be wired from the US Eagles Kuwait account into the EGP account.

y.      On or about March 21, 2006, in Kuwait, co-conspirator James Momon arranged a call for bottled water from TGA, causing DoD to pay TGA approximately $2,492,054.50.

z.      On or about March 27, 2006, in Atlanta, Georgia, defendant TERRY HALL delivered a bribe payment of approximately $100,000 in cash to co-conspirator James Momon.

aa.      On March 29, 2006, in Kuwait and elsewhere, defendant TERRY HALL caused approximately $109,970 to be wired from the U.S. Eagles Kuwait account to the bank account Hall had established for co-conspirator James Momon's benefit in the Philippines.

bb.      On or about April 19, 2006, in Kuwait and elsewhere,

13

defendant TERRY HALL caused approximately $699,954 to be wired from the Trimedpro Kuwait account to the Pressley Cayman Islands I account.

cc.     On or about April 26, 2006, in Kuwait and elsewhere, defendant TERRY HALL caused approximately $99,964 to be wired from the Trimedpro Kuwait account to the Pressley Cayman Islands I account.

dd.     On or about April 27, 2006, in Kuwait and elsewhere, defendant TERRY HALL caused approximately $249,954 to be wired from the Bluebridge Kuwait account to the Pressley Cayman Islands I account.

ee.     On or about May 5, 2006, in Kuwait, co-conspirator James Momon arranged a call ordering bottled water from TGA, causing DoD to pay TGA approximately $990,225.86.

ff.     On or about May 25, 2006, in the Northern District of Alabama, defendant TERRY HALL caused approximately $255,970 to be wired from the Bluebridge Kuwait account into the EGP account.

gg.     On or about May 30, 2006, in Kuwait, co-conspirator James Momon arranged a call for bottled water from TGA, causing DoD to pay TGA approximately $646,633.75.

hh.     In or about August 2006, in Kuwait, defendant TERRY HALL delivered a bribe payment of approximately $100,000 in cash to co-conspirator

14

James Momon.

All in violation of Title 18, United States Code, Sections 371 and 2.

## COUNT TWO
## 18 U.S.C. § 201(b)(1)(A)
### (Bribery)

16.     The allegations contained in paragraphs 1-6, 9-10, 15a-15r, 15t, 15x, 15bb-15dd, and 15ff of this Indictment are repeated and realleged as though fully set forth herein.

17.     Between approximately October 2004 and approximately August 2006, in Kuwait, the UAE, the Cayman Islands, the Northern District of Alabama, and elsewhere, defendant

### EDDIE PRESSLEY,

being a public official, aided and abetted by defendant  **EURICA PRESSLEY**, directly and indirectly, corruptly did demand, seek, receive, accept, and agree to receive and accept something of value in return for EDDIE PRESSLEY being influenced in the performance of official acts, including, but not limited to,  the award of contracts and BPAs and calls on BPAs for bottled water.

All in violation of Title 18, United States Code, Sections 201(b)(2)(A) and 2.

## COUNTS THREE THROUGH TEN
## 18 U.S.C. §§ 1343 & 1346
### (Honest Services Wire Fraud)

15

18.     The allegations contained in paragraphs 1-6, 9-10, 15a-15l, 15n, 15q-15r, and 15bb-15dd of this Indictment are repeated and realleged as though fully set forth herein.

19.     Between approximately October 2004 and approximately August 2006, in the Northern District of Alabama and elsewhere, the defendants

**EDDIE PRESSLEY and EURICA PRESSLEY,**

together with others, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and deprive the United States Government and DoD of the right to the honest and faithful services of EDDIE PRESSLEY, as Army Major and Army contracting specialist, performed free from deceit, favoritism, bias, self-enrichment, self-dealing, and concealment.

<u>Execution of the Scheme</u>

20.     On or about the date of each count listed below, in the Northern District of Alabama and elsewhere, defendant TERRY HALL, defendant EDDIE PRESSLEY, defendant EURICA PRESSLEY, and others, for the purpose of executing the above-described scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, the following wire transfers into the EGP account located in the Northern District of Alabama:

16

| Count | Date | Wire Transmission |
|-------|------|-------------------|
| **Three** | 9/19/05 | $75,000 wire from the FCC BoA account into the EGP account |
| **Four** | 9/26/05 | $112,000 wire from the FCC BoA account into the EGP account |
| **Five** | 9/28/05 | $100,000 wire from the FCC BoA account into the EGP account |
| **Six** | 12/15/05 | $44,970 wire from the Bluebridge Kuwait account into the EGP account |
| **Seven** | 1/4/06 | $94,970 wire from the Trimedpro Kuwait account into the EGP account |
| **Eight** | 3/21/06 | $41,970 wire from the US Eagles Kuwait account into the EGP account |
| **Nine** | 3/22/06 | $80,000 wire from the Pressley Cayman Islands account into the EGP account |
| **Ten** | 5/25/06 | $255,970 wire from the Bluebridge Kuwait account into the EGP account |

All in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

## COUNT ELEVEN
## 18 U.S.C. § 1956(h)
### (Conspiracy to Launder Monetary Instruments)

21.    The allegations contained in paragraphs 1-6 and 9-10 of this

Indictment are repeated and realleged as though fully set forth herein.

22.    From approximately March 2005 to approximately December 2007, in

the Northern District of Alabama and elsewhere, the defendants

### EDDIE PRESSLEY and EURICA PRESSLEY

did knowingly combine, conspire, and agree with each other and with other

persons known and unknown to the Grand Jury to commit offenses against the

17

United States in violation of Title 18, United States Code, Section 1956, to wit:

      a.    to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, bribery of a public official in violation of 18 U.S.C. § 201 and wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

      b.    to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds to a place in the United States from a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, bribery of a public official in violation of 18 U.S.C. § 201 and wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

      c.    to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds to a place in the United

States from a place outside the United States knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, bribery of a public official in violation of 18 U.S.C. § 201 and wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

<h3 style="text-align:center">Manner and Means of the Conspiracy</h3>

23.    Among the manner and means used by defendants TERRY HALL, EDDIE PRESSLEY, EURICA PRESSLEY and others to achieve the unlawful objects of the conspiracy were the following:

a.    In 2005 and 2006, defendant TERRY HALL arranged for bank accounts to be established in the names of third parties, including defendant EURICA PRESSLEY, in the United Arab Emirates, the Cayman Islands, the Philippines, and the United States, for the purpose of transferring the bribe payments to public officials  in a manner that would obscure that the officials were the intended beneficiaries of the payments.

b.    In 2005, defendant EURICA PRESSLEY purported to establish

19

and operate a legitimate consulting business named EGP Business Solutions, Inc., and caused a bank account in the name of that entity to be opened at AmSouth Bank.  In fact, EGP Business Solutions was a shell company whose address was the Harvest, Alabama residence of EDDIE PRESSLEY and EURICA PRESSLEY, and its AmSouth Bank account operated mainly as a vehicle for receiving bribe payments from defendant TERRY HALL and other DoD contractors with whom defendant EDDIE PRESSLEY had struck corrupt agreements.

c.      In 2005 and 2006, defendant TERRY HALL, defendant EURICA PRESSLEY, and others prepared and executed documents purporting to be consulting agreements, contracts, invoices and loan agreements for the purpose of creating the appearance that EURICA PRESSLEY and others were entitled to receive the bribe payments intended for EDDIE PRESSLEY.

d.      In 2005 and 2006, defendant TERRY HALL wired more than $495,000 from bank accounts he controlled in Kuwait into the EGP account.  In 2006 and 2007, defendant EURICA PRESSLEY wired more than $250,000 from the Pressley Cayman Islands account into the EGP account.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT TWELVE
### 18 U.S.C. § 1957
### (Monetary Transactions in Criminal Proceeds)

24.     The allegations contained in paragraphs 1-6 and 9-10 of this Indictment are repeated and realleged as though fully set forth herein.

25.     In or about August 2006, in the Northern District of Alabama and elsewhere, the defendants

**EDDIE PRESSLEY and EURICA PRESSLEY**

did knowingly engage and attempt to engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of funds, such property having been derived from specified unlawful activity, that is, bribery of a public official in violation of 18 U.S.C. § 201 and wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, to wit, EDDIE PRESSLEY and EURICA PRESSLEY transferred a total of approximately $2,914,780 from bank accounts in Kuwait and the United States which contained funds derived from the violations of §§ 201 and 1343 and 1346 of Title 18, United States Code described above, including but not limited to the Bluebridge Kuwait account, the BBI BR Kuwait account, the Freedom Consulting Kuwait account, the US Eagles Kuwait account, the TGA U.S. account, and the EGP account, to Putman Properties II, LLC to purchase approximately 24 acres of riverfront property near Muscle Shoals, Alabama (the "Alabama Shoals property") for $5.5 million, borrowing the balance

21

of the purchase price from the seller.

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS THIRTEEN THROUGH TWENTY-TWO
## 18 U.S.C. § 1957
### (Monetary Transactions in Criminal Proceeds)

26.     The allegations contained in paragraphs 1-6 and 9-10 of this

Indictment are repeated and realleged as though fully set forth herein.

27.     On or about the dates set forth below, in the Northern District of

Alabama and elsewhere, the defendants

### EDDIE PRESSLEY and EURICA PRESSLEY,

did knowingly engage and attempt to engage in the following monetary

transactions by, through, and to a financial institution, affecting interstate and

foreign commerce, in criminally derived property of a value greater than $10,000,

that is the transfer of funds, such property having been derived from specified

unlawful activity, that is, bribery of a public official in violation of 18 U.S.C. §

201, and wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, as follows:

| Count | Date | Monetary Transaction |
|---|---|---|
| **Thirteen** | 9/27/05 | transfer of approximately $31,236.27 from the EGP account to Capitol One Auto Finance in partial payment of loan defendant EDDIE PRESSLEY obtained to purchase 2003 Lincoln Navigator automobile |
| **Fourteen** | 3/24/06 | transfer of  approximately $146,000 from the EGP account to Jerry Stafford Realty to purchase 55 acres of real estate in Athens, Alabama |

22

| Fifteen | 5/6/06 | transfer of approximately $78,650 from the EGP account to BMW of Nashville to purchase 2006 BMW Li Sedan automobile |
|---|---|---|
| Sixteen | 9/1/06 | transfer of approximately $52,000 from Redstone Federal Credit Union account no. 717126 in the name of EURICA PRESSLEY to Décor and You for home decorating services |
| Seventeen | 10/2/06 | transfer of approximately $100,000 from the Pressley Cayman Islands account to Putman Properties II, LLC ("Putman Properties") to make loan payment on Alabama Shoals property |
| Eighteen | 3/7/07 | transfer of $80,000 from USAA Federal Savings Bank account no. 31654517 in the name of EDDIE PRESSLEY and Kristen Pressley to BMW of Nashville to purchase 2007 BMW 750 Li Sedan automobile |
| Nineteen | 3/19/07 | transfer of approximately $30,173.61 from Regions Bank account no. 0400930237 in the name of U.S. Eagles Logistics LLC (the "U.S. Eagles Logistics account") to Putman Properties to make loan payment on Alabama Shoals property |
| Twenty | 4/26/07 | transfer of approximately $30,173.61 from the U.S. Eagles Logistics account to Putman Properties to make loan payment on Alabama Shoals property |
| Twenty-One | 7/9/07 | transfer of approximately $30,173.61 from the U.S. Eagles Logistics account to Putman Properties to make loan payment on Alabama Shoals property |
| Twenty-Two | 8/7/07 | transfer of approximately $100,000 from the U.S. Eagles Logistics account to Putman Properties to make loan payment on Alabama Shoals property |

All in violation of Title 18, United States Code, Sections 1957 and 2.


A TRUE BILL


23

_____
FOREPERSON OF THE GRAND JURY


JACK SMITH
Chief, Public Integrity Section
Criminal Division


*Peter C. Sprung*
Peter C. Sprung
Edward J. Loya, Jr.
Trial Attorneys