# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.     ) | Case No. 5:09-cr-154-VEH |
| ) | |
| EDDIE PRESSLEY     ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Objections (doc. 255) of Defendant, Eddie Pressley ("Pressley") to Magistrate Judge T. Staci G. Cornelius's report and recommendation (the "R & R") (doc. 254), which recommends that Pressley's Motion To Permit Out of Time Filing of [2255] Petition (doc. 251) be dismissed without prejudice for lack of jurisdiction.[1,2]

As explained below, Pressley's objections are untimely and insufficient. Accordingly, the R&R is due to be reviewed only for clear error. Further, the R&R is due to be adopted, and its recommendations accepted, because it is not clearly

---

[1] The court acknowledges that doc. 255 is entitled "Motion To Reconsider Defendant's Prayer for Leave To File Out of Time Petition under § 2255, U.S.C.A." However, as the Defendant was instructed in the R&R (*see* doc. at p. 5), and as the relevant law (as explained more fully herein) provides, his recourse is not to file a motion to reconsider, but rather to object to the R&R. Accordingly, the undersigned has instructed the clerk's office to designate doc. 255 as Defendant's objections to the R&R, and analyzes that document accordingly.

[2] Even if the undersigned were to treat doc. 255 as a motion to reconsider, the motion fails, as it is substantively *identical* to the motion before the magistrate judge. "A motion for reconsideration cannot be used to 'relitigate old matters.' " *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

erroneous; indeed, it is correct.

## I. STANDARD OF REVIEW

A district court judge is empowered, in part to encourage efficiency, to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B); *Mathews v. Weber*, 423 U.S. 261, 267–68, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976); *Nettles v. Wainwright*, 677 F.2d 404, 406 (5th Cir.1982).[3] Parties to a dispute upon which a Report and Recommendation has been made are invited to file objections to that Report and Recommendation. 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Under this system, when a party makes a timely and specific objection to a portion of the Report and Recommendation, the district court is *obliged* to engage in a de novo review *of the issues raised on objection*. *Id*. ("A judge of the court *shall* make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); *United States v.*

---

[3] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

*Raddatz*, 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Nettles*, 677 F.2d at 409. However, issues upon which no timely and specific objections are raised do not *require* de novo review; the district court *may* therefore "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" applying a clearly erroneous standard.[4] 28 U.S.C. § 636(b)(1); *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 784 (11th Cir.2006).[5] *Nettles*, 677 F.2d at 409 ("[T]he failure of a party to file written objections to proposed findings and recommendations in a magistrate's report ... shall bar the party from a de novo determination by the district judge of an issue covered in the report."). Thus, to accept the report and recommendation of a magistrate judge to which no timely and specific objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record.

Whether or not proper — or, indeed *any* — objections have been filed , the

---

[4] Of course, the district judge retains the *option* to apply a de novo standard.

[5] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. See *Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1373-74 (N.D.Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. See *Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir.1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

## II. THE OBJECTIONS ARE UNTIMELY

At all time relevant to the issues discussed herein, Pressley has been represented by counsel. Pressley was advised, in the R&R, that objections were due no later than May 28, 2015. Specifically, in the R&R, the magistrate judge wrote:

> Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), FED. R. CIV. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

(Doc. 254 at 4).

It is beyond dispute that a court has the power to enforce its scheduling orders. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011)("a . . . court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion."). The R&R was filed with the clerk of Court on May 14, 2015. (*Id.*). Nonetheless, Pressley did not file his objections until June 1, 2015. (Doc. 255). He did not seek an extension of time to file his

4

objections, nor did he explain why they were not timely filed. The objections are therefore untimely and, accordingly, the R&R is only due to be reviewed for "clear error."

### III. THE OBJECTIONS ARE INSUFFICIENT

Where a magistrate judge enters a report and recommendation on a dispositive motion or a prisoner petition, a district judge "shall make a de novo determination of *those portions of the report or specified proposed findings or recommendations to which objection is made*. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(emphasis supplied). "The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*." FED. R. CIV. P. 72(b)(2)(emphasis supplied). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. Unit B 1982)." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). *See also*, *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (holding that "only objections that identified specific findings set forth in the R & R and articulated a legal ground for objection" were entitled to de novo review by the

district judge.)

Here, no "portion of the report" or "specified findings or recommendations" have been identified as objected-to; much less has a specific basis for objection been set out. Rather, here, Pressley has merely filed a pleading that is substantively identical to the motion which the R&R recommended be dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION

The undersigned has considered the R&R and the entire record. The R&R has not been shown to be clearly erroneous or contrary to law. Indeed, the R&R is correct. Accordingly, for the reasons set out in the R&R (doc. 254), the court **ADOPTS** the recommendations of the magistrate judge. Pressley's Objections (doc. 255) are **OVERRULED**. The Motion To Permit Out of Time Filing of Petition (doc. 251) is **DENIED**.

**DONE** and **ORDERED** this the 3rd day of March, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge