FILED
2017 Jan-31  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **EDDIE PRESSLEY** | ) | |
| | ) | |
| vs. | ) | Case No.  5:16-cv-08024-VEH |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Eddie Pressley, has filed a counseled Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. His motion is entirely premised upon the (accepted as true for purposes of this analysis) failure of prior retained counsel to file a timely (or indeed, any) Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He also asks this court to find that his motion is not time-barred because the same failure of prior retained counsel equitably tolled the statute of limitations. For the reasons set out below, this court finds that the motion is time-barred and therefore procedurally defaulted. Petitioner is not entitled to equitable tolling. Further, he has not set out any claims that are cognizable under 28 U.S.C. § 2255. Accordingly, the Petition will be dismissed with prejudice.

**I.     PROCEDURAL AND FACTUAL HISTORY**

On March 2, 2011, Defendant Eddie Pressley ("Pressley") was found guilty by a jury verdict of the following: one count of conspiracy in violation of 18 U.S.C. § 371

(Count One); one count of bribery in violation of 18 U.S.C. § 201(b)(2) (Count Two); seven counts of depriving the public of its right to the honest services of a public official or employee through the use of the wires in violation of 18 U.S.C. §§ 1343 and 1346 (Counts Three through Ten); one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Eleven); and ten counts of engaging in monetary transactions with criminal proceeds in violation of 18 U.S.C. § 1957 (Counts Twelve through Twenty-Two). On January 5, 2012, after ruling on various post-trial motions, this court sentenced Petitioner to a term of one hundred and forty-four months' imprisonment, followed by three years supervised release, and ordered forfeiture of $21 million. The Eleventh Circuit Court of Appeals affirmed on May 2, 2013.

II.   ANALYSIS

   A. **The Petition Is Procedurally Defaulted Because It Is Untimely**

   Section 2255 enables a federal prisoner to challenge his conviction or sentence; however, there are procedural limitations on a § 2255 motion. Procedural default is one of those limitations. Generally, if a defendant does not raise an argument regarding his sentence on direct appeal, then he may not seek collateral review of his sentence by way of a § 2555 challenge. *See Massaro v. United States*, 538 U.S. 500,

504 (2003). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." (*Id*.).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000), *cert. denied*, 531 U.S. 971 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner makes no argument, and presents no facts, in favor of the court's application of subsections (2), (3), or (4) of § 2255(f). Thus, the timeliness of the pending motion is calculated under § 2255(f)(1) based upon the date on which Petitioner's judgment of conviction became final. In this case, the Judgment of Conviction was entered on January 5, 2012. Petitioner appealed to the Eleventh Circuit, and on May 2, 2013, that court affirmed his conviction. He did not appeal to the United States Supreme Court. His conviction became final ninety days later, on July 31, 2013, when the time in which he could have filed a petition for certiorari expired. *See* U.S. Sup. Ct. R. 13.1. *See also, Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). *See also, Chavers v. Secretary, Florida Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (per curiam) (recognizing that, under Rule 13.1 of the Rules of the Supreme Court, "'[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)'"). Thus, the one-year statute of limitations ran on July 31, 2013, and that was the deadline for Petitioner to file a petition under §

2255.[1] He did not file his petition until April 13, 2016. It is untimely and, thus, procedurally defaulted.

### B. **Petitioner Is Not Entitled To Equitable Tolling**

Petitioner recognizes that his petition is untimely, but requests that it be accepted under the doctrine of equitable tolling. He asserts that, after his sentence was affirmed on appeal, specifically in March of 2014, he retained an attorney to file a § 2255 petition. Notably, he does not state what grounds would have been asserted in that petition, and the only grounds he asserts in the present motion is the failure of his prior § 2255 counsel to file a § 2255 petition.

Petitioner is not entitled to equitable tolling. The doctrine of equitable tolling applies "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (quotation marks omitted). "Equitable tolling is an

---

[1] The court is aware that the Government has argued that *Clay* "[held] that, for defendants who do not file a petition for certiorari, the one-year time limitation for filing a § 2255 motion begins 69 days after issuance of the Court of Appeals' mandate affirming the conviction." (Doc. 4 at 3). However, *Clay* resolved a Circuit split and held that the one-year time period within which to file a § 2255 petition "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." *Clay v. U.S.*, 537 U.S. at 527 (emphasis supplied).

The Government also cites to *Kaufmann v. United States,* 282 F.3d 1336, 1337-39 (11th Cir. 2002) to support its erroneous calculation. However, in *Kaufmann*, the Eleventh Circuit reversed a district court that had calculated 2255(f) by reference to the date on which the appellate mandate was issued, rather than by reference to the expiration of the 90 day period within which a petition for certiorari could have been filed.

extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins*, 204 F.3d at 1089-90.

First, Petitioner has not alleged that his prior counsel misrepresented the filing deadline (which, as stated previously, was July 31, 2014). Second, even if prior counsel did so (and Petitioner relied on that misrepresentation) mere error, excusable neglect, or mistake, whether by counsel <u>or</u> by movant, does not warrant equitable tolling. *See Baldayaque v. United States*, 338 F.3d 145, 151-52 (2d Cir. 2003) (mistakes of counsel as to the calculation of time remaining in limitation period or when the limitation period begins to run alone does not justify equitable tolling); *United States v. McIntosh*, 332 F.3d 550, 551 (8th Cir. 2003) ("[E]quitable tolling based on [movant's] mistake about the deadline is not warranted"); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("'[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.' ... Likewise, a petitioner's *own* ignorance or mistake does not warrrant equitable tolling." (emphasis in original) (internal quotation marks omitted); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (no equitable tolling where counsel's miscalculation resulted in motion being filed <u>one day late</u>: "The deadline simply was missed. That is not grounds for equitable tolling.").

A prisoner has no right to counsel during post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Accordingly, "equitable tolling cases do not laboriously apply the familiar test of *Strickland v. Washington* ... : Ineffective assistance of counsel is irrelevant to the tolling decision. Likewise, a petitioner's *own* ignorance or mistake does not warrant equitable tolling, and it would be rather peculiar to treat a trained attorney's error more leniently than we treat a *pro se* litigant's error." *Riggs*, 314 F.3d at 798 (emphasis in original).

Nor has Petitioner shown diligence on his part even <u>after</u> he learned of his prior counsel's failure to file. Using Petitioner's allegations, he knew, in August 2014, that his counsel had not yet filed a § 2255 petition. He states that he learned, on September 17, 2014, that his former counsel would not file a § 2255 petition. He had current counsel representing him as of March 25, 2015 – when that counsel filed a motion seeking permission to file an untimely § 2255 petition, which this court denied without prejudice, noting that no cognizable grounds for relief under § 2255 had even been alleged. Current counsel sought to have that order reconsidered, and this court denied that motion as well. Yet the current motion was not filed until April 12, 2016. At that point, not only did Petitioner know that no § 2255 petition had been filed and that the deadline to do so had expired, he had new counsel representing him for more than a year who also had that knowledge but failed to file a § 2255 petition. Petitioner has not

shown that he was duly diligent. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004), *aff'd*, 545 U.S. 353 (2005) (discussing lack of diligence during periods when no impediment existed).

### C. The Petition Sets Out No Cognizable Claims

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.[2] This is called collateral relief, because it is relief collateral to that available on direct appeal. Collateral relief, however, is limited, and "[o]nce [a] defendant's chance to appeal has been waived or exhausted, ... [a court is] entitled to presume he stands fairly and finally convicted" and "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage

---

[2] 28 U.S.C. § 2255(a) provides:
(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); *see also Massaro*, 538 U.S. at 505–09 (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts). On collateral review, it is the movant's burden to establish his right to relief. *Mackey v. United States*, 221 Fed. Appx. 907, 910 (11th Cir. 2007).

Here, the only matters of which Petitioner complains are matters that occurred (or rather, failed to occur) entirely post-conviction. He does not complain of any error at his trial, during his sentencing, or on direct appeal. Rather, at best, he argues that he received ineffective assistance of post-conviction counsel in that such counsel failed to file a timely (or any) § 2255 petition. However, a defendant has no Constitutional right to counsel on a collateral attack on his conviction or sentence. *Coleman*, 501 U.S. at 752. Thus, he has failed to set out any cognizable claim for relief.

### III.   CONCLUSIONS AND ORDER

For the reasons set out above, the undersigned finds that the Motion is time-barred and procedurally defaulted. Petitioner is not entitled to equitable tolling. Further, Petitioner has failed to assert any cognizable claims. The Court specifically finds there

is no need for an evidentiary hearing. Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Eddie Pressley (Doc. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

4. A certified copy of this Order and the judgment shall also be filed in criminal case number 5:09-cr-00154-VEH-SGC-2.

5. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. 257) filed in criminal case number 5:09-cr-00154-VEH-SGC-2.

**DONE** and **ORDERED** this the 31st day of January, 2017.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge